UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY R. HILL,

    Plaintiff,

    v.

NANCY B. MARTHAKIS, et al.,

    Defendants.

CAUSE NO. 3:20-CV-247-JD-MGG

OPINION AND ORDER

Jeffrey R. Hill, a prisoner without a lawyer, filed a complaint alleging he was denied constitutionally adequate medical treatment for a broken wrist by Deanna J. Laughlin, R.N., Dr. Nancy B. Marthakis, and Dr. Mitcheff. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hill alleges that, on July 4, 2018, he fell, heard his wrist snap, and was in unbearable pain. Following the fall, he was examined by Nurse Deanna J. Laughlin. She believed his wrist was broken and told custody staff to transport Hill to the hospital. She provided Hill with an ice pack and two Tylenol #3 tablets while he waited. But, before he could be transported, Nurse Laughlin received a call from Dr. Marthakis, who

said that it was too expensive to send Hill to an outside hospital and, if Nurse Laughlin sent him, she would be fired. Nurse Laughlin was apologetic, but she indicated that she could not send Hill to the hospital. She wrapped his wrist and sent him back to his cell.

The next day, x-rays were taken, and the x-ray tech indicated that Hill's wrist was broken. He then saw Dr. Marthakis and asked why she stopped him from going to the hospital. She indicated that she would not let him go to the hospital because it was too expensive, and she was not explaining the expense. She then told him to leave her office and that it was a non-displaced fracture, so he just needed to wrap his wrist. He was provided with a Toradol injection and two more Tylenol #3 tablets.

On July 31, 2018, Hill was taken to St. Anthony's hospital to see an orthopedic surgeon. He was told that his wrist was broken in several places and that surgery was required. He was also told that the bandage was not securing his wrist, and he was provided with a temporary cast. He was provided with another Toradol injection when he returned to the prison, but he continued to complain of pain over the next approximately two weeks without receiving any additional pain relief.

On August 14, 2018, Hill was transported to the hospital for a procedure. The prison had not planned for him to be admitted – they expected that he would have a procedure and then return. But, the orthopedic surgeon admitted him and the procedure took place the next day. His wrist was repaired with seven screws and a plate. Upon his return, prison staff were unhappy that he had been admitted and incurred additional expenses. While he was permitted to see the orthopedic surgeon for a couple follow up appointments, those appointments were then discontinued. He

attended physical therapy, but after three sessions, the wrist was swollen and discolored, and the therapist was unsure if he was helping or hurting Hill. He asked that Hill be permitted to follow up with the orthopedic surgeon. Dr. Mitcheff denied that request, indicating that there was no need for it. As a result of the allegedly inadequate care that he received, Hill continues to have pain and limited range of motion in his wrist.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations omitted). Here, Hill's allegations state a claim against Dr. Marthakis and Dr. Mitcheff. However, the facts alleged do not suggest that Nurse Laughlin was deliberately indifferent to Hill's medical need – she was simply constrained by the alleged deliberate indifference of Dr. Marthakis. Therefore, Nurse Laughlin will be dismissed.

For these reasons, the court:

(1) GRANTS Jeffrey R. Hill leave to proceed against Dr. Nancy B. Marthakis and Dr. Mitcheff in their individual capacities for compensatory and punitive damages for denying him constitionaly adequate medical treatment for his broken wrist, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Deanna J. Laughlin, R.N.;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on Dr. Nancy B. Marthakis and Dr. Mitchell at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Nancy B. Marthakis and Dr. Mitcheff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 20, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4