UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY R. HILL, <br><br> Plaintiff, <br><br> v. <br><br> NANCY B. MARTHAKIS, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-247-JD-MGG |

OPINION AND ORDER

Jeffrey R. Hill, a prisoner without a lawyer, objects to Magistrate Judge Michael G. Gotsch's Report and Recommendation recommending that this case be dismissed without prejudice for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). For the reasons stated below, Hill's objections are overruled.

I. BACKGROUND

Jeffrey R. Hill, a prisoner without a lawyer, is proceeding in this case "against Dr. Nancy B. Marthakis and Dr. Mitcheff in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his broken wrist, in violation of the Eighth Amendment." ECF 5 at 4. The defendants filed a summary judgment motion asserting Hill had not exhausted his administrative remedies, namely, that he did not file a timely grievance with the Indiana State Prison ("ISP"). ECF 16. In ruling on that motion, the court found there was a genuine issue of material fact that could only be resolved with a hearing pursuant to *Pavey v. Conley*, 544

F.3d 739 (7th Cir. 2008). ECF 30. The case was referred to Magistrate Judge Gotsch to conduct the *Pavey* hearing to determine whether Todd Marsh refused to provide Hill with a formal grievance form on July 17, 2018, when Hill asked Marsh for the form. ECF 30 at 9; ECF 80 at 1. Based on the testimony and evidence presented, Magistrate Judge Gotsch recommended that this case be dismissed without prejudice because Hill did not exhaust his administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). *Id*.

### A. ISP Grievance Policy

ISP has a multi-step grievance process for inmates. ECF 18 at ¶¶ 7, 9–27. First, an inmate must try to informally resolve his complaint. *Id*. at ¶ 10.

> The offender may do this by discussing the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs. If the offender is uncomfortable discussing the issue with that staff member, he/she may discuss with the staff person's immediate supervisor.

*Id*. at 22-23.

If the inmate cannot resolve the complaint informally, he can file a grievance within ten business days of the incident giving rise to the complaint. *Id*. at ¶ 11. The offender must also "provide evidence (e.g., "To/From" correspondence, State Form 36935, "Request for Interview") of the attempt" to resolve the complaint informally. *Id*. at ¶ 10.

Once a formal grievance is filed, the Offender Grievance Specialist reviews it to ensure it meets the requirements of the grievance policy. *Id*. at ¶ 13. A grievance can be

2

rejected if it is filed more than ten business days after the incident or if the offender is grieving a matter that is inappropriate for the grievance process. *Id.* at ¶ 15. The Offender Grievance Specialist must either return the grievance if it is unacceptable or provide a receipt for it. *Id.* at ¶ 12. If the offender does not receive either a receipt or a form indicating that the grievance was rejected within five days of submission, the offender must notify the Offender Grievance Specialist and keep a copy of that notice. *Id.* The Offender Grievance Specialist will then investigate. *Id.*

If a grievance is accepted, the Offender Grievance Specialist has fifteen days to complete an investigation and respond. *Id.* at ¶ 18. An offender who is dissatisfied with the resolution of the formal grievance may file an appeal within five days of receiving a response to the formal grievance. *Id.* at ¶ 21. If the appeal is denied, the offender may seek review. *Id.* at ¶ 24. The grievance process is complete when an offender attempts an informal resolution, files a formal grievance, files an appeal with the Warden or his designee, and files a second appeal with the Offender Grievance Manager. *Id.* at ¶ 29. IDOC records show whether an inmate filed an informal grievance, formal grievance, or an appeal, as well as the responses. *Id.* at ¶ 31.

### B. Hill's Grievances with ISP

In this lawsuit, Hill claims that the defendants denied him constitutionally adequate medical treatment for his broken wrist, in violation of the Eighth Amendment. ECF 5. At the *Pavey* hearing and, in his subsequent objection to the Magistrate Judge's

3

Report and Recommendation, Hill disputes that he failed to exhaust his administrative remedies with ISP. ECF 83.

Hill injured his left wrist on July 4, 2018 and was seen by Dr. Marthakis. ECF 73 at 3. Unsatisfied with Dr. Marthakis's treatment, the following day, Hill attempted an informal grievance, in which he sought medical treatment at a hospital. *Id*. Insofar as he was complaining about Dr. Marthakis's unsatisfactory treatment on July 4, 2018, per ISP's policy, his deadline for filing a formal grievance was July 18. ECF 18 at 23. Hill failed to file such grievance by July 18, but he claims that he was obstructed by his counselor, Todd Marsh, who refused to give a formal grievance form. ECF 83 at 7-8.

After the *Pavey* hearing, Magistrate Judge Gotsch found that Marsh did not refuse a grievance form to Hill. ECF 80 at 7. At the hearing, Marsh testified that he served as the case work manager for Hill's cellhouse and had been employed with the IDOC for twenty-one years. *Id*. at 3. He testified he had no recollection of Hill asking him for a grievance form on July 17. *Id*. Marsh indicated his job duties required him to provide grievance forms to inmates and that he has never refused an inmate a grievance form and never advised an inmate to submit a medical request form instead of a formal grievance. *Id*. at 3-4. He explained that, if he had refused an inmate a grievance form, he would likely recall the incident as an unusual occurrence. *Id*. at 4. In addition, Frank Price, a witness called by Hill, testified that that, during his several years with the IDOC and at the ISP, he had never been refused a grievance form or witnessed any counselor refuse to give a grievance form to an inmate. *Id*. at 4, 6.

4

In considering the factual issue of whether Marsh refused to give Hill a grievance form on July 17, Magistrate Judge Gotsch found Marsh's testimony credible. *Id*. at 6. While Magistrate Judge Gotsch noted that the sweeping nature of Marsh's testimony raised some concerns, he found that Price's testimony corroborated Marsh's testimony and other factors supported the conclusion that Marsh did not refuse to give the form to Hill. *Id*. Magistrate Judge Gotsch considered Hill's testimony and noted that it seemed likely Hill misunderstood his conversation with Marsh on July 17. *Id*. Hill testified that, after he explained his medical issue regarding his wrist injury to Marsh, Marsh offered to give him a health care request form but refused to give him a formal grievance form. *Id*. Hill then became angry and abruptly ended his conversation with Marsh. *Id*. However, Hill made no attempt to clarify either his request or Marsh's response. *Id*. Magistrate Judge Gotsch reasoned that Hill may not have been rationally perceiving events because he was frustrated with his medical care. *Id*. There was also no reasonable basis for Hill to believe that Marsh was "trying to bait [Hill] into an argument." *Id*. Magistrate Judge Gotsch noted the record contained no apparent motive for Marsh to refuse Hill a formal grievance form or for purposefully antagonizing him. *Id*.

After his meeting with Marsh, Hill asked Price to get him a grievance form from Price's counselor. *Id*. at 4. Price obtained the form and gave it to Hill on July 23. *Id*. According to the IDOC's grievance records, Hill filed his first formal grievance on July 24, wherein he stated he had not received appropriate medical care for an injury he sustained to his left wrist on July 4, 2018. ECF 18 at ¶ 35(a); ECF 73 at 12. The grievance form was returned to Hill on July 26, with an explanation that it was submitted too late,

5

and he failed to provide any proof of an attempt at an informal resolution. ECF ¶ at 35(b); ECF 73 at 11.

On July 27, Hill submitted another formal grievance form listing the July 4, incident date. ECF 18 ¶ 35(c); ECF 78-1 at 2. On the form, Hill noted that he had submitted an informal grievance on July 5, 2018, but he never received a response to it. ECF 78-1 at 2. He also stated his left wrist had been broken since July 4 and he had never received appropriate treatment for his injury. *Id*. The July 27, grievance form was returned to Hill because he submitted the form more than ten business days after the July 4, incident. ECF 18 at ¶ 35(d); ECF 78-1 at 1.

On August 13, Hill submitted a third formal grievance form stating that Dr. Marthakis lied about the results of his left wrist x-rays, which caused him to endure extreme pain. ECF 18 at ¶ 35(e); ECF 78-1 at 4. He requested that Dr. Marthakis be "held accountable for her actions." *Id*. Hill noted on his grievance form that he had filed an informal grievance, but he had not yet received a response. *Id*. The grievance form was returned to Hill because the formal grievance was submitted too early, as it was submitted the same day as the informal grievance. ECF 18 at ¶ 35(f); ECF 73 at 8. And the informal grievance pertained to medical records whereas the formal grievance pertained to inadequate medical care. *Id*.

On August 17, Hill submitted a fourth formal grievance form, which was the same grievance form he previously submitted on August 13. ECF 18 at ¶ 35(g); ECF 18 at 42. The grievance form was returned to Hill because the appropriate person never

6

received his informal grievance and there was no proof of an attempt at an informal resolution. ECF 18 at ¶ 35(h); ECF 78-1 at 3.

## II. ANALYSIS

While Hill's filing objecting to the Report and Recommendation contains arguments that are unclear and vague, he seems to raise the following four objections: (1) Magistrate Judge Gotsch erred in finding that Marsh did not refuse Hill a grievance form on July 17, 2018; (2) Magistrate Judge Gotsch erred in finding that Hill did not correct the formal grievance by explaining why it was untimely when granted the opportunity to do so; (3) Magistrate Judge Gotsch erred by recommending that this case be dismissed without first determining whether ISP provided adequate administrative remedies; and (4) Magistrate Judge Gotsch erred by improperly directing the outcome of this case. ECF 83 at 2, 4, 9-10.

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

However, pursuant to Federal Rule of Civil Procedure 72(b), the court must only make a de novo determination of those portions of the magistrate judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema*

7

*Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The de novo determination required under Rule 72(b) "is not the same as a de novo hearing." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). In other words, "[t]he district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." *Id*. However, if no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the court can only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

### *A. Marsh did not refuse Hill a grievance form on July 17, 2018*

Hill first objects to Magistrate Judge Gotsch finding that Marsh did not refuse him a grievance form on July 17. ECF 83 at 4, 7-8. However, Hill's objection lacks merit because the defendants have presented sufficient evidence to show that Marsh did not refuse to give Hill a grievance form. Insofar as Hill was complaining about lack of proper medical treatment on July 4, his formal grievance deadline was July 18 (ten business dates from July 4). ECF 18 at 23. While he claims that his failure to file the formal grievance by that date was caused by Marsh's refusal to provide him with the form, the evidence shows otherwise. Magistrate Judge Gotsch considered Hill's testimony and noted that it seemed likely Hill misunderstood Marsh on July 17. ECF 80 at 6. Hill testified that, after he explained his medical issue regarding his wrist injury to Marsh, Marsh offered to give him a health care request form but refused to give him a

8

formal grievance form. *Id*. Hill then became angry and abruptly ended his conversation with Marsh. *Id*. However, Hill made no attempt to clarify either his request or Marsh's response. *Id*. Magistrate Judge Gotsch reasoned that Hill may not have been rationally perceiving events because he was frustrated with his medical care. *Id*. He also determined there was also no reasonable basis for Hill to believe that Marsh was "trying to bait [Hill] into an argument." *Id*. Magistrate Judge Gotsch noted the record contained no apparent motive for Marsh to refuse Hill a formal grievance form or for purposefully antagonizing him. *Id*. Thus, the court concludes that Hill has produced no evidence that shows Marsh refused to give him a grievance form on July 17.

Hill argues that Marsh's testimony was inaccurate and unreliable because he testified that grievance forms could be obtained from correctional officers and the law library, and Marsh did not know why Hill would have asked him for a grievance form if it was available through other means. ECF 83 at 8. He claims this testimony was a supporting factor that ultimately convinced Magistrate Judge Gotsch that he was not refused a timely grievance form. *Id*. at 83-1 at 2. Furthermore, to show that Marsh's testimony was inaccurate, Hill produced copies of request for interview forms he sent to counselor D. McCormick and Deputy Warden Dawn Buss, on August 31, 2022, asking if grievance forms can be obtained from counselors, correctional officers, and the law library. *Id*. at 83-1 at 1-2. McCormick responded indicating that grievance forms were available through unit team counselors. *Id*. at 2.

Here, Hill speculates that Magistrate Judge Gotsch relied on Marsh's testimony that grievance forms could be obtained from correctional officers and the law library in

9

finding Hill was not refused a timely formal grievance form. However, Magistrate Judge Gotsch never mentions this testimony in the Report and Recommendation. Moreover, this testimony is irrelevant because, as discussed, the defendants have shown that Marsh did not refuse to give Hill a grievance form on July 17.

### B. Hill's subsequent grievances also failed to exhaust administrative remedies

Hill next objects to Magistrate Judge Gotsch's finding that Hill did not correct his subsequent formal grievances when he was granted the opportunity to do so.[1] ECF 83 at 4. Here, Hill asserts Magistrate Judge erred because he complied with the requirements for grieving the alleged lack of medical care for his left wrist injury.

In this case, Hill did not exhaust his available administrative remedies because, while he filed formal grievances on July 24 and 27 and August 13, these grievances are not preceded by informal grievances as required by ISP's grievance policy. Because of the ten-business-day limitation for filing a formal grievance, the earliest allowable day for an incident concerning the July 24 formal grievance was July 10. Yet, Hill submitted

---

[1] Magistrate Judge Gotsch found that, even if it were true that Marsh denied Hill the formal grievance form, the case would have to be dismissed for non-exhaustion of administrative remedies because Hill's subsequent grievances were not corrected. The Court is not so sure because a denial of a grievance form could be considered a denial of the grievance process. *See Jones v. Miami Corr. Facility,* No. 3:08-CV-00497 JD, 2011 WL 1296755, at *6 (N.D. Ind. Mar. 31, 2011) ("However, under relevant precedent, the initial denial of Mr. Jones's request for grievance forms did not constitute an exhaustion of his administrative remedies when he filed the original complaint.") (citing *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (concluding that administrative remedies were unavailable to a prisoner when prison employees allegedly refused to provide him the forms necessary to file a grievance)). But that is of no consequence here because Marsh did not deny Hill a grievance form and his subsequent grievances were deficient. Accordingly, while the Court accepts Magistrate Gotsch's findings and recommendation, it does not accept the finding that, even if Marsh denied Hill the grievance form, Hill would nevertheless fail to prevail against the defendants' motion for summary judgment.

no informal grievance between July 10 and July 24. The earliest allowable day for an incident concerning the July 27 formal grievance was July 13. Again, Hill submitted no informal grievance between those two dates. And finally, the earliest allowable day for an incident concerning the August 13 formal grievance was July 30. Here, Hill submitted an informal grievance on August 13, but it was on the same day as the formal grievance, and he had not given a chance for the informal resolution to take place. In addition, it covered a different subject matter--wanting to obtain medical records--instead of lack of treatment.  He also submitted an informal grievance on August 6, but it was not over the same subject matter as the formal grievance on August 13 because the latter is referring to the August 9 incident date, three days after the informal grievance was filed. So in each case, the grievance officer justifiably returned Hill's formal grievances for the reason that Hill failed to include evidence of his attempt to resolve the matter informally. In fact, Hill could not have included that information because there's no evidence that he actually did attempt to grieve informally in relation to each formal grievance, except for the August 13, where Hill submitted his informal grievance over a different subject matter and too early in any case.

### C. Hill's challenge to ISP's general grievance policy has no merit

Hill next objects to the Report and Recommendation arguing that Magistrate Judge Gotsch erred by recommending that this case be dismissed without first determining whether ISP provided adequate administrative remedies. ECF 83 at 4. Hill's contention lacks merit. Magistrate Judge Gotsch was not required to consider the

11

prison's administrative process in general, but rather whether Hill was denied an administrative remedy. Magistrate Judge Gotsch determined that Hill had administrative remedies available to him, but he did not utilize them. That is all that Magistrate Judge Gotsch was required to do.

### *D. Magistrate Judge Gotsch did not improperly direct the outcome of this case*

Hill asserts that Magistrate Judge Gotsch improperly directed the outcome of this case by allowing prison personnel to present the failure to exhaust administrative remedies defense, failing to investigate whether prison officials engaged in a pattern and practice of obstructing the grievance process, and being well rooted in the prison administration. ECF 83 at 1, 2, 7, 10. Those allegations are unfounded as Hill has presented no evidence to support these bald assertions and speculations do not have any force of law.

III.   CONCLUSION

Having reviewed the portions of the Report and Recommendation (ECF 80) that Hill objects to de novo, the court OVERRULES the objections. As to the remainder of the Report and Recommendation, the court finds no clear error. Therefore, the court ADOPTS it in its entirety and incorporates Magistrate Judge Gotsch's recommendations into this Opinion and Order, with the exception noted in footnote 1 of this order. The court DISMISSES this case WITHOUT PREJUDICE because Jeffrey R. Hill did not

exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). The clerk is DIRECTED to close this case.

SO ORDERED on March 31, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT